Eastern District of Kentucky
FILED

MAY 14 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO.  5:26 CR-48-01-GFVT

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                                    **PLEA AGREEMENT**

KEVIN RYAN STRAW                                                 DEFENDANT

*   *   *   *   *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 1343, wire fraud.

2. The essential elements of 18 U.S.C. § 1343 are:

   (a) The Defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

   (b) The Defendant acted with the intent to defraud; and

   (c) That in advancing, furthering, or carrying out the scheme, the Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign commerce.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) At various times between 2021 through 2024, Defendant **KEVIN RYAN STRAW** was a resident of Fayette County, Kentucky. At various times, **STRAW** served as President of Metropolitan Lodge 32, Fraternal Order of Police, based in Louisville, Kentucky ("Lodge 32") and served as the Vice President of the Kentucky State Fraternal Order of Police, based in Frankfort, Kentucky (hereinafter, "State FOP").

(b) Beginning in or around November 2021 and continuing through November 2024, **STRAW** devised a scheme to defraud numerous victims of money by means of materially false pretenses, representations, and promises. **STRAW** knowingly and intentionally defrauded at least nine individual victims through an investment fraud scheme, misappropriated funds from Metro Lodge 32, charged personal expenses to the State FOP credit card, and requested reimbursement from the State FOP for travel expenses not incurred.

(c) **STRAW** defrauded individual victims through an investment fraud scheme, claiming significant returns on investment. In reality, **STRAW** had no qualifications as an investment advisor, provided false documentation to induce individuals to invest, and spent individuals' funds on personal expenses. Between on or about December 14, 2022, and November 5, 2024, **STRAW** defrauded at least ten individuals out of $80,200.

(d) **STRAW** misappropriated funds from Metro Lodge 32 by withdrawing cash from Metro Lodge 32 and claiming it was to transfer the funds to a Metro Lodge 32 account at a different financial institution. Between on or about February 26, 2024, and November 19, 2024, **STRAW** misappropriated for his personal use $49,760 from Metro Lodge 32's account ending in *5707 through cash withdrawals.

(e) **STRAW** used his position at the State FOP to charge personal expenses to the FOP credit card and submitted false vouchers to the State FOP for travel expenses not incurred. Beginning in 2023 and continuing through November 2024, **STRAW** submitted false vouchers for approximately $41,562.97 in travel expenses not incurred and charged personal expenses totaling $15,501.48 on the State FOP credit card.

(f) On or about May 2, 2024, in furtherance of the scheme, **STRAW** transferred $2,174 from Venmo to Bank of America, via interstate wire communication.

4. The statutory punishment for 18 U.S.C. § 1343 is imprisonment for not more than 20 years, a fine of not more than $250,000 or twice the amount of gross gain or loss, and a term of supervised release of not more than 3 years. A mandatory special assessment

of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the $187,024.45 loss to Metro Lodge 32, the State FOP, and the investment fraud victims.

(c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(F), increase the offense level by 10 levels because the loss amount exceeded $150,000.

(e) Pursuant to USSG 2B1.1(b)(2), increase the offense level by 2 levels because the offense involved 10 or more victims.

(f) Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 levels because the Defendant abused a position of public or private trust in a manner that significantly facilitated the commission of the offense.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h) Pursuant to U.S.S.G. § 4C1.1 and provided that the Defendant does not receive any criminal history points under U.S.S.G. Chapter Four, Part A, decrease the offense level by 2 levels.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant on bond for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant also consents to the imposition of a forfeiture money judgment in the amount of $187,024.45, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which he is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to pay restitution in an amount not less than $187,024.45 to the victims as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts,

partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 5/14/26          By: _____
                            Kate K. Smith
                            Assistant United States Attorney

Date: 5/14/26       _____

KEVIN RYAN STRAW
Defendant

Date: 5/14/26       _____

Benjamin D. Allen
Attorney for Defendant